FILED

10 FEB 12 PM 2:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

1  Mark Ankcorn (SBN 166871)
   Law Offices of Mark Ankcorn
2  525 B Street, Suite 1500
   San Diego, California 92101-4417
3  (619) 858-4736

4

5  Attorney for Plaintiff Patrick McNamara

6

7

8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA

10                                              '10 CV 0353 H    JMA

11

12  PATRICK MCNAMARA,                Case No.
    an individual,
13                                   COMPLAINT
              Plaintiff,
14
15       v.                          Cal. Civ. Code § 1788 et seq.
                                     15 U.S.C. § 1692 et seq.
16  CAPITAL ONE BANK (USA), N.A.; NCO
    FINANCIAL SYSTEMS, INC.,
17  corporations,                    Jury Trial Demanded
18            Defendants.
19

20                       __INTRODUCTION__

21       1.      This is an action for damages brought by an individual consumer for Defendant's

22  violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq.

23  ("Rosenthal Act") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

24  which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and for

25  invasion of privacy.

26       2.      This action seeks redress for the unlawful and deceptive practices committed by

27  defendant and its agents and associates in connection with its efforts to collect a debt. Defendants

28

1   engaged in a months-long pattern of deliberate harassment, contacting plaintiff by phone and in

2   writing **178 times** after being notified of representation by an attorney and asked to direct all future

3   communications to counsel. Plaintiff seeks monetary relief based on Defendants' violations of

4   federal and state law.

5                                 **JURISDICTION AND VENUE**

6          3.      This Court has jurisdiction to hear the FDCPA violation pursuant to 15 U.S.C. §

7   1692. Thus, federal subject matter jurisdiction is properly founded upon section 28 U.S.C. § 1331.

8   This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, because the

9   parties' citizenship is diverse and the amount in controversy exceeds $75,000.00. Supplemental

10  jurisdiction for the state law claims also arises under 28 U.S.C. § 1367.

11                                        **PARTIES**

12         4.      Patrick McNamara ("Plaintiff") is a natural person residing in La Mesa, California.

13         5.      Capital One Bank (USA), National Association ("COBNA") is a Virginia

14  corporation engaged in the business of collecting debts in this state with its principal place of

15  business located at 1680 Capital One Drive, McLean, Virginia.

16         6.      NCO Financial Systems, Inc., ("NCO") is a Pennsylvania corporation engaged in the

17  business of collecting debts in this state with its principal place of business located at 3850 North

18  Causeway Boulevard, Metarie, Louisiana.

19         7.      Defendants are "debt collectors" as defined by the Rosenthal Act (Civ. Code §

20  1788.2(c)) as they engage in the collection of consumer debts in the ordinary course of its business,

21  on behalf of themselves or others. Defendant NCO is a debt collector as defined by the FDCPA as

22  it engages in the collection of consumer debts on behalf of others in the ordinary course of its

23  business. Defendants use the mail and telephone in the ordinary course of business.

24                                         **FACTS**

25         8.      For several years predating the operative facts at issue in this lawsuit, plaintiff had

26  two credit cards with Capital One, account numbers ending 3458 and 5547. He made purchases on

27  both cards for personal, family, and household needs and as such his debts are "consumer debts" as

28

1 | defined by the FDCPA.

2 |      9.     On December 8, 2009, plaintiff received a telephone call from a collection agent
3 | working for NCO who identified herself as "Trina" and demanded payment on an allegedly past due
4 | Capital One credit card account. Plaintiff immediately informed her that he was recording the call
5 | and said that he had hired an attorney to assist him with his debts. "Trina" verified plaintiff's
6 | current home address, his cell phone number, and the last four digits of his Social Security Number
7 | before asking him to make a payment. She specifically stated that she may be recording the call
8 | herself and disclosed that she was attempting to collect a debt. She asked several times for plaintiff
9 | to make a payment and he responded by directing her to his attorney.

10 |      10.    On December 14, 2009, plaintiff received a telephone call from a collection agent
11 | working for COBNA who identified himself as "Jerry" and demanded payment on an allegedly past
12 | due credit card. Plaintiff immediately informed "Jerry" that he was recording the conversation and
13 | said that he had hired an attorney to assist him with his debts. Plaintiff gave the name of his
14 | attorney and the lawyer's office phone number, and "Jerry" terminated the call before additional
15 | conversation could take place.

16 |      11.    On December 18, 2009, plaintiff received another phone call from a collection agent
17 | working for COBNA. This agent identified himself as "John" and demanded payment on an
18 | allegedly past due credit card. Plaintiff immediately informed "John" that he was recording the call
19 | and said that he had hired an attorney to assist him with his debts. Plaintiff gave the name of his
20 | attorney and the lawyer's office phone number, and asked that COBNA speak with his attorney
21 | instead of calling him. "John" told plaintiff to have his attorney call Capital One directly, and asked
22 | when a good time to call plaintiff back would be.

23 |      12.    COBNA had actual knowledge of its obligation under state and federal law to cease
24 | and desist from further communication with Plaintiffs with respect to the debt upon notification of
25 | representation. COBNA also knew that it could only communicate with Plaintiffs' retained counsel
26 | and knew that any further communication of any kind with Plaintiffs directly or indirectly was
27 | prohibited, unlawful, illegal, and would subject it to money damages.

28 |

13.     Despite having actual knowledge of representation, Defendant COBNA nevertheless contacted plaintiff by phone **159 times** in an attempt to collect money for plaintiff's consumer debts. These contacts were numerous and frequent, often at multiple times per day from different telephone numbers using different area codes.

14.     A detailed list of these phone contacts with date, time, and originating telephone number is attached as Exhibit "A" to the complaint.

15.     In addition to the phone calls, COBNA made at least **two** demands for payment in writing after receipt of this notification. For example, COBNA sent plaintiff a letter dated December 23, 2009, notifying plaintiff that the account was past due by sixty days.

16.     A true and correct copy of the December 23, 2009, letter is attached to this complaint as Exhibit "B."

17.     Plaintiff also received **seventeen (17) phone calls** from Defendant NCO after being notified of representation by an attorney.

18.     A detailed list of these phone contacts with date, time, and originating telephone number is attached as Exhibit "C" to the complaint.

19.     As debt collectors, defendants are fully aware of state and federal debt collection laws, including the Rosenthal Act and FDCPA.

20.     Defendants knew their debt collection communications were governed by and subject to the restrictions set forth in state and federal law.

21.     Defendants further knew each of the harassing communications were willful and knowing violations of both the Rosenthal Act and the FDCPA.

22.     Defendants' harassing communications are part of an overall unlawful business pattern and practice whereby they has knowingly, willfully, and intentionally create and carry out a profitable scheme through illegal collection activity.

23.     Defendants are rarely, if ever, sued over such harassing communications, since very few debtors are aware that their rights are being violated and very few attorneys are willing to take on such cases.

1    24.    Defendants are highly motivated to continue their harassing communications since

2  any claims paid out as a result of such wrongful conduct or minuscule when compared to the overall

3  profits generated from such illegal acts.

4    25.    As a direct result of defendants' joint and individual harassing communications,

5  plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness,

6  embarrassment, loss of sleep, anxiety, humiliation, pain and suffering, and other injuries.

7    26.    Plaintiff also suffered lost business opportunities by these constant interruptions to

8  his workday.  Despite repeated requests to cease contact during normal business hours, defendants

9  continued to contact him during those times and prevented him from practicing his occupation and

10  conducting his trade.

11    27.    Plaintiff incurred additional incidental actual damages including but not limited to

12  transportation and gasoline costs to the law firm, telephone call charges, postage, and other

13  damages.

14    28.    Each of defendants' harassing acts was so willful, vexatious, outrageous, oppressive,

15  and maliciously calculated as to warrant statutory penalties and punitive damages.

**FIRST CLAIM FOR RELIEF**
**Violation of California Civil Code section 1788.17 (Rosenthal Act)**
(against all defendants)

29.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

30.    The FDCPA provides in pertinent part: "After the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, [shall] not communicate with any person other than that attorney . . ." 15 U.S.C. § 1692b(6).

31.    Defendant COBNA violated the FDCPA when it contacted and harassed plaintiff by telephone **159 times** after being directly notified of attorney representation, as specified in Exhibit "A."

32. Defendant COBNA violated the FDCPA when it contacted and harassed plaintiff in writing by sending **two** separate written demands for payment, as shown by the letter attached as Exhibit "B."

33. Defendant NCO Financial violated the FDCPA when it contacted and harassed plaintiff by telephone **17 times** after being directly notified of attorney representation, as specified in Exhibit "C."

34. California Civil Code, section 1788.17, requires that defendants COBNA and NCO comply with the provisions of 15 USC § 1692b(6), whether or not they are collecting debts for another or for their own account.

35. Each of the foregoing violations of 15 USC §§ 1692b(6) by defendants is a separate violation of California Civil Code, section 1788.17.

36. The foregoing acts by defendants were willful and knowing violations of the Rosenthal Act, are sole and separate violations under section 1788.30(b) of the Act, and trigger multiple statutory damages penalties.

## SECOND CLAIM FOR RELIEF
### Violation of Civil Code, Section 1788.17 (Rosenthal Act)
(against NCO Financial Systems, Inc.)

37. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

38. The FDCPA, specifically 15 U.S.C. § 1692c(b), reads: "[A] debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." The only exception to this broad prohibition of third-party contact is when the collector is attempting to acquire "location information" about the consumer. 15 U.S.C. § 1692b. In this limited circumstance, a debt collector may contact other persons but may not state that the consumer owes any debt and may not communicate with any such person more than once.

39.    On December 9, 2009, defendant NCO called plaintiff's former spouse at her place of business and asked to speak with plaintiff. NCO did so at a time when they had been previously notified of representation and had spoken with plaintiff on the phone the day before. NCO had no reason to seek plaintiff's "location information" as it already had successfully and repeatedly contacted plaintiff, had verified his contact information directly from him, and had made a direct demand for payment.

40.    As a result, NCO violated the FDCPA by contacting a person other than plaintiff, his attorney, or other person permitted under statute.

41.    This act by NCO was a willful and knowing violation of the FDCPA and the Rosenthal Act and triggers additional statutory penalties against NCO.

## THIRD CLAIM FOR RELIEF

### Invasion of Privacy by Intrusion Upon Seclusion

42.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

43.    Defendants engaged in improper conduct in knowingly and intentionally pursuing plaintiff to force payment of the claimed debt.

44.    Plaintiff had an objectively reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs of privacy.

45.    Defendants intentionally intruded on plaintiff's privacy by repeated harassment from unlawful communications, specifically by making 176 telephone calls to plaintiff and by sending written demands for payment to his residence.

46.    These harassing phone calls over a period of months at frequent intervals and during working hours constituted sensory penetration of plaintiff's zone of seclusion.

47.    Defendants' intrusions and invasions against plaintiff's quiet enjoyment of his personal residence occurred in such a way that would be highly offensive to a reasonable person in the same or similar circumstances.

**FOURTH CLAIM FOR RELIEF**

**Tort In Se**

48.     Plaintiff re-alleges and incorporates the above paragraphs as though set forth fully herein.

49.     Defendants engaged in an unlawful course of conduct in violation of the FDCPA, Rosenthal Act, and California Civil Code, sections 43 and 1708.

50.     Defendants violated a statutory duty owed to another and RE thus liable under the common law doctrine of "Tort-in-Se."

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendants for the following:

1.     Actual economic damages according to proof;

2.     Statutory penalties against defendant COBNA arising from 159 separate violations of the Rosenthal Act in an amount of $1,000.00 per violation pursuant to California Civil Code, section 1788.30, subd. (b);

3.     Statutory penalties against defendant NCO arising from 17 separate violations of the Rosenthal Act in an amount of $1,000.00 per violation pursuant to California Civil Code, section 1788.30, subd. (b);

4.     Statutory penalties against defendant NCO arising from 17 separate violations of the FDCPA in an amount of $1,000.00 per violation pursuant to 15 U.S.C. § 1692k;

5.     Punitive damages in the amount of ten times actual damages for Invasion of Privacy by Intrusion on Seclusion and Tort in se;

6.     Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k, California Civil Code, section 1788.30(c) and Code of Civil Procedure, section 1021.5;

7.     Injunctive relief permanently restraining defendants and any successors in interest, subsidiaries, affiliates, consultants, or contractors from any further contact with plaintiff;

8.      Such other and further relief as the court may deem just and proper.

DATED: February 12, 2010                LAW OFFICES OF MARK ANKCORN

                                   By:  _____
                                        Mark Ankcorn
                                        Attorney for Plaintiff Patrick McNamara

COMPLAINT

**Exhibit A**

Pat McNamara
Capital One Credit Card Collection Record

|    | Date | Time | Creditor | Phone Number |
|----|------|------|----------|--------------|
|    | 13-Dec-09 | 8:31 AM | Capital One | 866-381-0453 |
|    | 13-Dec-09 | 10:32 AM | Capital One | 301-654-4309 |
|    | 13-Dec-09 | 1:17 PM | Capital One | 866-381-0453 |
|    | 14-Dec-09 | 3:01 PM | Capital One | 866-381-0453 |
| 1  | 18-Dec-09 | 9:38 AM | Capital One | 714-374-8035 |
| 2  | 18-Dec-09 | 1:09 PM | Capital One | 714-374-8035 |
| 3  | 19-Dec-09 | 8:01 AM | Capital One | 718-359-1082 |
| 4  | 19-Dec-09 | 8:05 AM | Capital One | 800-955-6600 |
| 5  | 19-Dec-09 | 11:12 AM | Capital One | 866-381-0453 |
| 6  | 19-Dec-09 | 2:20 PM | Capital One | 866-929-5306 |
| 7  | 23-Dec-09 | 11:20 AM | Capital One | 951-243-2302 |
| 8  | 26-Dec-09 | 8:23 AM | Capital One | 973-208-1038 |
| 9  | 26-Dec-09 | 1:11 PM | Capital One | 866-929-5306 |
| 10 | 28-Dec-09 | 9:50 AM | Capital One | 757-483-4840 |
| 11 | 28-Dec-09 | 7:01 PM | Capital One | 866-929-5306 |
| 12 | 31-Dec-09 | 9:15 AM | Capital One | 714-429-8361 |
| 13 | 31-Dec-09 | 12:28 PM | Capital One | 734-429-8361 |
| 14 | 01-Jan-10 | 11:49 AM | Capital One | 304-252-0135 |
| 15 | 01-Jan-10 | 12:07 PM | Capital One | 951-243-2302 |
| 16 | 02-Jan-10 | 10:34 AM | Capital One | 847-488-3003 |
| 17 | 02-Jan-10 | 10:48 AM | Capital One | 866-929-5307 |
| 18 | 02-Jan-10 | 1:04 PM | Capital One | 404-869-1722 |
| 19 | 03-Jan-10 | 8:17 AM | Capital One | 215-977-7228 |
| 20 | 03-Jan-10 | 9:07 AM | Capital One | 508-209-2384 |
| 21 | 03-Jan-10 | 2:01 PM | Capital One | 508-209-2384 |
| 22 | 03-Jan-10 | 3:27 PM | Capital One | 866-929-5306 |
| 23 | 04-Jan-10 | 8:51 AM | Capital One | 951-243-2302 |
| 24 | 04-Jan-10 | 11:02 AM | Capital One | 951-243-2302 |
| 25 | 05-Jan-10 | 8:16 AM | Capital One | 951-243-2302 |
| 26 | 05-Jan-10 | 9:28 AM | Capital One | 951-243-2302 |
| 27 | 05-Jan-10 | 11:55 AM | Capital One | 416-932-4520 |
| 28 | 06-Jan-10 | 8:31 AM | Capital One | 310-208-4217 |

Pat McNamara
Capital One Credit Card Collection Record

| | | | | |
|---|---|---|---|---|
| 29 | 06-Jan-10 | 12:02 PM | Capital One | 310-208-4217 |
| 30 | 06-Jan-10 | 12:35 PM | Capital One | 486-932-4500 |
| 31 | 06-Jan-10 | 4:53 PM | Capital One | 310-208-4217 |
| 32 | 06-Jan-10 | 7:06 PM | Capital One | 310-208-4217 |
| 33 | 06-Jan-10 | 7:08 PM | Capital One | 866-929-5307 |
| 34 | 07-Jan-10 | 8:10 AM | Capital One | 305-663-5884 |
| 35 | 07-Jan-10 | 8:24 AM | Capital One | 305-663-5884 |
| 36 | 07-Jan-10 | 11:41 AM | Capital One | 800-955-6600 |
| 37 | 07-Jan-10 | 2:41 PM | Capital One | 510-868-0523 |
| 38 | 07-Jan-10 | 3:19 PM | Capital One | 866-456-0677 |
| 39 | 07-Jan-10 | 5:56 PM | Capital One | 305-663-5884 |
| 40 | 07-Jan-10 | 7:25 PM | Capital One | 305-663-5884 |
| 41 | 08-Jan-10 | 8:49 AM | Capital One | 281-208-1093 |
| 42 | 08-Jan-10 | 9:08 AM | Capital One | 281-208-1093 |
| 43 | 08-Jan-10 | 12:27 PM | Capital One | 866-381-0453 |
| 44 | 08-Jan-10 | 6:12 PM | Capital One | 281-208-1093 |
| 45 | 09-Jan-10 | 8:05 AM | Capital One | 909-390-4781 |
| 46 | 09-Jan-10 | 8:25 AM | Capital One | 909-390-4781 |
| 47 | 10-Jan-10 | 9:08 AM | Capital One | 815-756-6960 |
| 48 | 10-Jan-10 | 9:32 AM | Capital One | 815-756-6960 |
| 49 | 10-Jan-10 | 12:21 PM | Capital One | 800-955-6600 |
| 50 | 10-Jan-10 | 3:58 PM | Capital One | 800-955-6600 |
| 51 | 10-Jan-10 | 4:27 PM | Capital One | 800-955-6600 |
| 52 | 11-Jan-10 | 9:08 AM | Capital One | 815-756-6960 |
| 53 | 11-Jan-10 | 10:32 AM | Capital One | 815-756-6960 |
| 54 | 11-Jan-10 | 12:52 PM | Capital One | 866-929-5306 |
| 55 | 11-Jan-10 | 2:17 PM | Capital One | 866-929-5306 |
| 56 | 12-Jan-10 | 8:11 AM | Capital One | 866-929-5306 |
| 57 | 12-Jan-10 | 9:16 AM | Capital One | 866-929-5306 |
| 58 | 12-Jan-10 | 9:44 AM | Capital One | 866-456-0677 |
| 59 | 12-Jan-10 | 11:45 AM | Capital One | 800-955-6600 |
| 60 | 12-Jan-10 | 12:45 PM | Capital One | 416-932-4520 |
| 61 | 12-Jan-10 | 12:55 PM | Capital One | 866-456-0677 |

Pat McNamara
Capital One Credit Card Collection Record

| | | | | |
|---|---|---|---|---|
| 62 | 12-Jan-10 | 1:45 PM | Capital One | 503-547-8300 |
| 63 | 12-Jan-10 | 6:51 PM | Capital One | 800-955-6600 |
| 64 | 12-Jan-10 | 7:29 PM | Capital One | 503-547-8300 |
| 65 | 12-Jan-10 | 8:28 PM | Capital One | 800-955-6600 |
| 66 | 13-Jan-10 | 8:17 AM | Capital One | 815-756-6960 |
| 67 | 13-Jan-10 | 9:28 AM | Capital One | 815-756-6960 |
| 68 | 13-Jan-10 | 1:13 PM | Capital One | 866-381-0453 |
| 69 | 13-Jan-10 | 2:57 PM | Capital One | 866-381-0453 |
| 70 | 18-Jan-10 | 9:02 AM | Capital One | 815-756-6960 |
| 71 | 18-Jan-10 | 12:20 PM | Capital One | 330-222-1041 |
| 72 | 18-Jan-10 | 2:04 PM | Capital One | 330-222-1041 |
| 73 | 23-Jan-10 | 12:06 PM | Capital One | 866-929-5307 |
| 74 | 23-Jan-10 | 12:52 PM | Capital One | 866-929-5307 |
| 75 | 24-Jan-10 | 8:05 AM | Capital One | 909-390-4781 |
| 76 | 24-Jan-10 | 9:13 AM | Capital One | 909-390-4781 |
| 77 | 24-Jan-10 | 12:09 PM | Capital One | 909-390-4781 |
| 78 | 24-Jan-10 | 3:51 PM | Capital One | 800-955-6600 |
| 79 | 25-Jan-10 | 8:07 AM | Capital One | 815-756-6960 |
| 80 | 25-Jan-10 | 8:47 AM | Capital One | 815-756-6960 |
| 81 | 25-Jan-10 | 11:49 AM | Capital One | 866-381-0453 |
| 82 | 25-Jan-10 | 5:40 PM | Capital One | 305-663-5884 |
| 83 | 25-Jan-10 | 7:29 PM | Capital One | 866-381-0453 |
| 84 | 25-Jan-10 | 8:13 PM | Capital One | 305-663-5884 |
| 85 | 26-Jan-10 | 8:07 AM | Capital One | 973-208-1038 |
| 86 | 26-Jan-10 | 11:21 AM | Capital One | 301-654-4309 |
| 87 | 26-Jan-10 | 2:51 PM | Capital One | 301-654-4309 |
| 88 | 26-Jan-10 | 6:57 PM | Capital One | 301-654-4309 |
| 89 | 27-Jan-10 | 7:31 PM | Capital One | 800-955-6600 |
| 90 | 30-Jan-10 | 11:03 AM | Capital One | 631-205-0520 |
| 91 | 30-Jan-10 | 2:34 PM | Capital One | 866-299-5307 |
| 92 | 31-Jan-10 | 10:44 AM | Capital One | 815-756-6960 |
| 93 | 01-Feb-10 | 10:03 AM | Capital One | 954-522-4917 |
| 94 | 01-Feb-10 | 3:55 PM | Capital One | 800-955-6600 |

Pat McNamara
Capital One Credit Card Collection Record

| 95  | 01-Feb-10 | 7:07 PM  | Capital One | 800-955-6600 |
|-----|-----------|----------|-------------|--------------|
| 96  | 01-Feb-10 | 8:24 PM  | Capital One | 954-522-4917 |
| 97  | 02-Feb-10 | 8:16 AM  | Capital One | 000-012-3456 |
| 98  | 02-Feb-10 | 8:19 AM  | Capital One | 732-202-1039 |
| 99  | 02-Feb-10 | 8:29 AM  | Capital One | 732-202-1039 |
| 100 | 02-Feb-10 | 10:54 AM | Capital One | 866-929-5306 |
| 101 | 02-Feb-10 | 1:22 AM  | Capital One | 732-202-1039 |
| 102 | 02-Feb-10 | 1:37 PM  | Capital One | 732-202-1039 |
| 103 | 02-Feb-10 | 6:14 PM  | Capital One | 866-929-5306 |
| 104 | 02-Feb-10 | 7:31 PM  | Capital One | 866-929-5306 |
| 105 | 02-Feb-10 | 7:55 PM  | Capital One | 732-202-1039 |
| 106 | 03-Feb-10 | 9:16 AM  | Capital One | 562-483-7846 |
| 107 | 03-Feb-10 | 12:16 PM | Capital One | 866-929-5306 |
| 108 | 03-Feb-10 | 6:59 PM  | Capital One | 866-381-0453 |
| 109 | 04-Feb-10 | 9:42 AM  | Capital One | 310-208-4217 |
| 110 | 04-Feb-10 | 1:08 PM  | Capital One | 310-208-4217 |
| 111 | 04-Feb-10 | 1:42 PM  | Capital One | 310-208-4217 |
| 112 | 04-Feb-10 | 6:05 PM  | Capital One | 310-208-4217 |
| 113 | 04-Feb-10 | 6:15 AM  | Capital One | 866-929-5307 |
| 114 | 04-Feb-10 | 6:45 PM  | Capital One | 866-929-5307 |
| 115 | 04-Feb-10 | 6:58 PM  | Capital One | 866-929-5307 |
| 116 | 05-Feb-10 | 8:24 AM  | Capital One | 734-429-8361 |
| 117 | 05-Feb-10 | 8:26 AM  | Capital One | 734-429-8361 |
| 118 | 05-Feb-10 | 5:51 PM  | Capital One | 734-429-8361 |
| 119 | 05-Feb-10 | 5:52 PM  | Capital One | 734-429-8361 |
| 120 | 05-Feb-10 | 6:55 PM  | Capital One | 800-955-6600 |
| 121 | 05-Feb-10 | 7:36 PM  | Capital One | 734-429-8361 |
| 122 | 05-Feb-10 | 8:14 PM  | Capital One | 800-955-6600 |
| 123 | 06-Feb-10 | 12:09 PM | Capital One | 866-381-0453 |
| 124 | 06-Feb-10 | 12:32 PM | Capital One | 866-381-0453 |
| 125 | 07-Feb-10 | 8:10 AM  | Capital One | 304-252-0135 |
| 126 | 07-Feb-10 | 8:30 AM  | Capital One | 304-252-0135 |
| 127 | 07-Feb-10 | 11:07 AM | Capital One | 304-252-0135 |

Pat McNamara
Capital One Credit Card Collection Record

| | | | | |
|---|---|---|---|---|
| 128 | 07-Feb-10 | 11:33 AM | Capital One | 304-252-0135 |
| 129 | 07-Feb-10 | 2:15 PM | Capital One | 866-929-5307 |
| 130 | 07-Feb-10 | 2:21 PM | Capital One | 866-929-5307 |
| 131 | 08-Feb-10 | 8:39 AM | Capital One | 813-202-7244 |
| 132 | 08-Feb-10 | 8:59 AM | Capital One | 813-202-7244 |
| 133 | 08-Feb-10 | 10:38 AM | Capital One | 800-955-6600 |
| 134 | 08-Feb-10 | 1:07 PM | Capital One | 813-202-7244 |
| 135 | 08-Feb-10 | 1:48 PM | Capital One | 813-202-7244 |
| 136 | 08-Feb-10 | 6:39 PM | Capital One | 800-955-6600 |
| 137 | 08-Feb-10 | 7:26 PM | Capital One | 813-202-7244 |
| 138 | 09-Feb-10 | 8:26 AM | Capital One | 281-208-1093 |
| 139 | 09-Feb-10 | 8:27 AM | Capital One | 281-208-1093 |
| 140 | 09-Feb-10 | 12:46 PM | Capital One | 866-929-5306 |
| 141 | 09-Feb-10 | 6:43 PM | Capital One | 866-929-5306 |
| 142 | 09-Feb-10 | 7:24 PM | Capital One | 866-929-5306 |
| 143 | 09-Feb-10 | 8:35 PM | Capital One | 281-208-1093 |
| 144 | 10-Feb-10 | 9:50 AM | Capital One | 404-869-1722 |
| 145 | 10-Feb-10 | 10:41 AM | Capital One | 404-869-1722 |
| 146 | 10-Feb-10 | 2:09 PM | Capital One | 866-929-5306 |
| 147 | 10-Feb-10 | 3:23 PM | Capital One | 866-929-5306 |
| 148 | 10-Feb-10 | 6:36 PM | Capital One | 866-929-5306 |
| 149 | 10-Feb-10 | 7:10 PM | Capital One | 404-869-1722 |
| 150 | 10-Feb-10 | 7:41 AM | Capital One | 866-929-5306 |
| 151 | 10-Feb-10 | 8:09 PM | Capital One | 404-869-1722 |
| 152 | 11-Feb-10 | 8:28 AM | Capital One | 304-252-0135 |
| 153 | 11-Feb-10 | 9:37 AM | Capital One | 304-252-0135 |
| 154 | 11-Feb-10 | 11:33 AM | Capital One | 866-929-5307 |
| 155 | 11-Feb-10 | 1:16 PM | Capital One | 866-929-5307 |
| 156 | 11-Feb-10 | 3:03 PM | Capital One | 304-252-0135 |
| 157 | 11-Feb-10 | 5:12 PM | Capital One | 304-252-0135 |
| 158 | 11-Feb-10 | 7:32 PM | Capital One | 304-252-0135 |
| 159 | 11-Feb-10 | 8:42 PM | Capital One | 866-929-5307 |

**Exhibit B**


*what's in your wallet?*

Creditor: Capital One Bank (USA), N.A.
Re: Account Number: 4115072101103458

Balance: $8,293.54
Amount Due: $448.00

**Did something happen?
We're here to help.**

Dear Patrick G McNamara:

Between doing payroll, managing employees and paying vendors, it's easy for things to slip through the cracks. So in case it slipped your mind:

You've now missed three payments on your Capital One Small Business account. (In other words, you're 60 days past due.) So make sure you mail in the amount due to regain your charging privileges, bring your account back into good standing, and avoid further negative reporting to business credit bureaus such as Dunn & Bradstreet and The Small Business Financial Exchange*.

If you need help making your payment, give us a call. Our specially trained associates have many tools available to help with your current situation. Whether it's arranging a partial payment, waiving the pay-by-phone fee or customizing a payment plan, we'll work with you to find a solution that works for your business and your bottom line.

If you have questions please give us a call at 1-800-955-6600. Our Customer Service Representatives are available M-F 8:00 a.m. to 11:00 p.m. EST and Sat-Sun 8:00 a.m. to 8:00 p.m. EST.

Sincerely,

Capital One Services, LLC.

P.S. Please read the enclosed insert. It has valuable information you should know about making payments on your Capital One account.

*For questions on your business credit report, or to obtain a copy, please contact Dunn & Bradstreet at www.dnb.com/eupdate or The Small Business Financial Exchange at 1-800-727-8495.

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

FM21-RL-0308
ABC 2415R (20080301)
FM18727

▼ PLEASE RETURN PORTION BELOW WITH PAYMENT ▼



0000000  1  4115072101103458  00  0000000000000000000

Total enclosed     $

- Moving? Change your address online or on the back.
- Pay online anytime – no more checks, stamps or clutter.
- Sign up at www.capitalone.com.

20689

Patrick G McNamara
5440 Baltimore Dr Unit 120
La Mesa, CA 91942-5001

Capital One
P.O. Box 71083
Charlotte, NC 28272-1083

/PO0391

COLR0358 6056 1000 2415R  07 091223 PAGE 00001 OF 00001 COLLECT 00020689

**1. Who We Are and Who We Service.** Capital One Services, LLC is a subsidary of Capital One, National Association, and services the following Capital One affiliated companies:

- Capital One Bank (USA), National Association;
- Capital One, National Association; and
- Capital One Auto Finance, Inc.

The name of your creditor has been previously disclosed to you and is identified for purposes of this letter by the creditor name and/or your Account number on the front. Unless another servicer is disclosed in this letter or has been separately disclosed to you as the current servicer of your Account, we are the current servicer of your Account.

**2. State and Local Disclosures** The following disclosure is required by state or local law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s), and you receive this letter in Connecticut, the District of Columbia, Iowa, New York City, North Carolina or Vermont:

This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose.

The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Iowa:

This communication is from a debt collector.

The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Massachusetts:

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

The terms used in this Section are defined by applicable state or local law. This is not a complete list of the rights that you might have.

**3. Bankruptcy.** If you are entitled to bankruptcy protections for your Account this letter is only for informational purposes. It is not an attempt to collect, assess or recover a debt or claim. Do not send in any payments without speaking with your bankruptcy attorney. We are not attempting to collect a debt through your bankruptcy Court. If you want to discuss your Account or your bankruptcy proceeding, please have your attorney contact us or the servicer disclosed in this letter.

**4. Electronic Check Conversion.** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your deposit account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your deposit account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. Your authorization is not limited by the date on the check.

**5. Interest and Charges Continue to Accrue.** All stated amounts are owed on the date of this letter. Because interest, late charges, and other charges might change from day to day as provided in your agreement, the amount due on the day you pay may be larger. For example, if you pay the amount stated in this letter, your Account might still have a balance after your payment is received.

**6. Time Period for Payment or Other Action.** Unless a specific date is provided, any time period for your payment or other action begins on the date of this letter.

**7. IRS Reporting of Debt Forgiveness.** If we cancel or forgive $600 or more of principal on a debt you owe, we must provide a 1099-C tax form to you and the IRS. Please consult your tax advisor and the instructions accompanying your tax forms for more information.

**8. Credit Reporting of Your Settled Account.** If your Account is settled before it is charged off, the remainder of your Account balance will be charged off. We will then report your Account to credit reporting agencies as settled with an outstanding balance.

## Changing Address?

Address: ........................................................................

........................................................................

Home Phone ........................................................................

Alternate Phone ........................................................................

E-mail Address ........................................................................

Please print address or phone number changes above using blue or black ink.

## Not quite ready to make payments online?

No problem. Follow these simple steps to make sure we process your payments smoothly:

- Don't staple or paper clip your check to the payment slip.
- Be sure to use the payment envelope that came with your letter. *Using a different envelope could delay processing.*
- Please don't include any additional correspondence.
- Last but not least, be sure to write your 16-digit account number on your check.

**Exhibit C**

Pat McNamara
NCO Financial Collection Record

|    | Date      | Time     | Creditor        | Phone Number  |
|----|-----------|----------|-----------------|---------------|
|    | 08-Dec-09 | 4:07 PM  | NCO for Cap One | 410-202-0069  |
| 1  | 08-Dec-09 | 5:57 PM  | NCO for Cap One | 800-254-2919  |
| 2  | 09-Dec-09 | 11:11 AM | NCO for Cap One | 410-202-0069  |
| 3  | 13-Dec-09 | 8:36 AM  | NCO for Cap One | 410-202-0069  |
| 4  | 13-Dec-09 | 3:32 PM  | NCO for Cap One | 410-202-0069  |
| 5  | 20-Dec-09 | 10:20 AM | NCO for Cap One | 410-202-0069  |
| 6  | 07-Jan-10 | 4:11 PM  | NCO for Cap One | 416-932-4520  |
| 7  | 14-Jan-10 | 1:59 PM  | NCO for Cap One | 416-932-4520  |
| 8  | 22-Jan-10 | 12:58 PM | NCO for Cap One | 416-932-4520  |
| 9  | 25-Jan-10 | 12:00 PM | NCO for Cap One | 486-932-4500  |
| 10 | 29-Jan-10 | 1:29 PM  | NCO for Cap One | 866-576-1447  |
| 11 | 29-Jan-10 | 1:31 PM  | NCO for Cap One | 866-576-1447  |
| 12 | 29-Jan-10 | 1:44 PM  | NCO for Cap One | 866-576-1447  |
| 13 | 29-Jan-10 | 1:45 PM  | NCO for Cap One | 866-576-1447  |
| 14 | 30-Jan-10 | 8:05 AM  | NCO for Cap One | 866-576-1447  |
| 15 | 30-Jan-10 | 8:06 AM  | NCO for Cap One | 866-576-1447  |
| 16 | 30-Jan-10 | 9:13 AM  | NCO for Cap One | 888-217-9861  |
| 17 | 31-Jan-10 | 2:05 PM  | NCO for Cap One | 800-350-2457  |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patrick McNamara

**DEFENDANTS**
Capital One Bank (USA), N.A.; NCO Financial Systems, Inc., corporations

**(b)** County of Residence of First Listed Plaintiff  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Mark Ankcorn, 525 B Street, Suite 1500
San Diego, California 92101-4417 (619) 858-4736

Attorneys (If Known)

**'10 CV 0353 H    JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC § 1692 et seq; 28 USC § 1332
Brief description of cause:
fair debt collection practices; related tort claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 195,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 02/12/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 10184   AMOUNT $350   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PB 02-12-10



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010184
Cashier ID: mbain
Transaction Date: 02/12/2010
Payer Name: AMERICAN MESSENGER SERVICE
---------------------------------
CIVIL FILING FEE
 For: AMERICAN MESSENGER SERVICE
 Case/Party: D-CAS-3-10-CV-000353-001
 Amount:      $350.00
PAPER COPIES
 For: AMERICAN MESSENGER SERVICE
 Amount:      $3.50
---------------------------------
CHECK
 Check/Money Order Num: 4534
 Amt Tendered:  $353.50
---------------------------------
Total Due:     $353.50
Total Tendered: $353.50
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```